IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARY L. EID | * |
| Plaintiff, | * |
| v. | * CIVIL ACTION NO. JKB-11-752 |
| TARA G. LECOMPTE<br>EDWIN S. MACVAUGH | * |
| | * |
| Defendants. | |
| | *** |

MEMORANDUM

Plaintiff Mary L. Eid ("Eid"), a resident of Baltimore, Maryland, filed this self-represented civil action for $1.5 million against her Towson, Maryland, defense attorneys for "ineffective assistance," "false imprisonment," and "emotional distress" related to her criminal case in the Circuit Court for Baltimore County.[1] Eid claims that she was sentenced to prison for a crime she did not commit; the prosecutor engaged in misconduct; and her defense attorneys engaged in a conspiracy with bank personnel, submitted false statements to the court under oath, and failed to investigate the underlying facts of the criminal complaint resulting in her 2008 conviction and unlawful confinement. Eid alleges that her attorneys "sold her out" and left her with no option but to enter an *Alford*[2] plea.

---

[1] The state court docket shows that on Eid entered an *Alford* plea to one count of theft-scheme over $500.00 and on March 24, 2008, was sentenced in the Circuit Court for Baltimore County to eight years with all but six years suspended and three years of supervised release. She was also ordered to pay $42,457.00 in restitution. *See State v. Eid*, Case Number 03K06004068.

[2] *See North Carolina v. Alford*, 400 U.S. 25, 37-38 (1970) (there is no constitutional obstacle to acceptance of the guilty plea of a defendant who, despite his or her voluntary and knowing consent to the imposition of criminal sanctions, continues to profess innocence, so long as the prosecution's evidence demonstrates a strong factual basis for the plea).

Because she appears indigent, Eid's motion to proceed *in forma* pauperis shall be granted. Her action, instituted as a civil rights complaint, shall be dismissed. The defendants named are private attorneys. A 42 U.S.C. § 1983 civil rights complaint may only lie against those acting under color of state law. *See Wyatt v. Cole*, 501 U.S. 158, 161 (1992); *West v. Atkins*, 487 U.S. 42, 49 (1988); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 928-30, 935-37 (1982). This is a threshold requirement. Privately retained attorneys do not act under color of state law. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976). Therefore, Eid may not maintain a § 1983 action against defendants.[3]

Further, to the extent that Eid seeks civil rights damages for alleged prosecutorial misconduct associated with her criminal prosecution, she may not so do. A civil rights claim which raises challenges to the constitutionality of incarceration is not appropriate unless and until Eid's criminal conviction has been dismissed or declared invalid by a tribunal authorized to make such a determination. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

The court finds that the instant matter is subject to dismissal. A separate order follows.

Date: <u>March 25, 2011</u>           /s/
                                  James K. Bredar
                                  United States District Judge

---

[3] If it was Eid's intention to sue defendants under a theory of legal malpractice, her claim fares no better. This court possesses limited original jurisdiction. It does not sit to review every claim related to alleged tortious conduct involving non-federal parties. It only has authority to review such claims filed pursuant to a federal district court's diversity of citizenship jurisdiction. When a party seeks to invoke diversity jurisdiction under § 1332, she bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete. *See Advani Enterprises, Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998). The requirement of complete diversity of citizenship mandates that each plaintiff meet the diversity requirements as to each defendant. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989). "It is well established that diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all of those on the other." *Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)). Both plaintiff and defendants reside in Maryland. Therefore, the complaint does not satisfy diversity of citizenship requirements.